[Crim. No. 53.    Third Appellate District.—August 30, 1907.]

Ex Parte VICTOR BARGAGLIOTTI on Habeas Corpus.

HABEAS CORPUS—SENTENCE BY JUSTICE OF THE PEACE—IMPRISONMENT IN COUNTY JAIL—CUSTODY OF SHERIFF OF PROPER COUNTY.—Though a sentence by a justice of the peace in a particular county for a misdemeanor to the county jail ought to describe the county jail of such county, yet where the certified copy of the commitment "to the county jail " is delivered to the sheriff of the proper county, it may be assumed, upon *habeas corpus,* that the imprisonment will be in the only county jail in which the justice has authority to imprison a person convicted in his county, and the prisoner will not be discharged from the custody of the sheriff of such county.

PETITION for writ of *habeas corpus* to the sheriff of Sonoma County, to test the validity of a commitment from the Justice's Court of Cloverdale Township. I. S. Lewis, Justice of the Peace.

The facts are stated in the opinion of the court.

W. F. Cowan, for Petitioner.

G. W. Hoyle, Assistant District Attorney, for Respondent.

HART, J.—The petition of W. F. Cowan, Esq., alleges that
the prisoner is unlawfully restrained of his liberty by J. K.
Smith, sheriff of Sonoma county. The principal point relied
upon for the release of the prisoner is that the certified copy
of the judgment of conviction and sentence, or the commit-
ment, from which said sheriff derives his authority to hold
said prisoner, does not "state or describe in what jail, or the
jail of what county, said Victor Bargagliotti shall be impris-
oned."

Bargagliotti, it appears, was arrested on a warrant issued
by the justice of the peace of Cloverdale township, in the
county of Sonoma, upon a complaint charging him with the
crime of assault upon his wife. Upon his arraignment before
the justice, the prisoner entered a plea of guilty to the offense
charged in the complaint, and thereafter said justice pro-
nounced upon him the following judgment or sentence:
" . . . It is therefore ordered and adjudged that you, the
said Victor Bargagliotti, as a punishment for the offense com-
mitted, be confined in the county jail for the period of ninety
days." The title of the court is, as is usual in such documents,
given in the certified copy of the judgment here, and is as
follows: "In the Justice's Court of Cloverdale Township,
County of Sonoma, State of California." There is also in-
serted therein, but not in the body of the judgment, the fol-
lowing: "Complaining witness—Katie Bargagliotti. Charge
of Assault. Committed at Cloverdale Township." The con-
tention on behalf of the prisoner is that the certified copy of
the judgment upon its face shows that the justice of the peace,
in imposing judgment upon the prisoner, exceeded his jurisdic-
tion, because it does not appear therefrom to what particular
"county jail" the prisoner was committed or sentenced; that,
so far as it appears from such judgment, the prisoner might be
confined in some "county jail" other than that to which the
justice of the peace has jurisdiction to sentence him; that un-
der said judgment said prisoner could be confined in any of
the "county jails" of the state. It may be admitted that
the certified copy of the judgment upon which the sheriff holds
the prisoner is not as specific as it should be, and that the
jail to which it is within the jurisdiction of the justice to
commit the prisoner should have been specifically designated
or described; yet the point involves technicality pressed to its
utmost limit. The return of the sheriff discloses that he is

the sheriff of Sonoma county, and that, as such officer, he has the prisoner in custody under and by virtue of the certified judgment to which objection is made. This court may take judicial notice of the fact that a sheriff is the legal keeper of the jail of the county of which he is sheriff, and in that capacity is, under the law, the custodian of all prisoners confined therein. It is, therefore, quite clear that, notwithstanding the fact that the "commitment" is somewhat indefinite as to the particular jail to which the justice intended to commit him, the prisoner is, nevertheless, and in truth and in fact, in the only jail to which the justice of the peace has the power and right to sentence any person convicted of crime in his court. Besides, we do not think it would do any very great violence to the rule that no presumptions are to be indulged in favor of the jurisdiction of "inferior courts" to hold, in any case where admittedly a justice of the peace has jurisdiction of the offense and of the person of the alleged offender, that a judgment or sentence in which the "county jail" to which the prisoner is committed is not particularly designated, may be assumed to refer to the jail of the county for which alone the justice is authorized to exercise the duties of his office, for it is the only jail in which he has authority to imprison a person convicted of a public offense in his court.

We think the certified copy of the judgment, or "commitment," as it is sometimes termed, is sufficient to warrant the sheriff in holding the prisoner until the judgment against him is satisfied, and particularly does this appear to be so since, as we have seen, the uncontroverted facts set forth in the return to the writ show him to be in the proper custody and in the proper jail. It is no answer to our conclusion to say that, under the process by which the prisoner is detained, he could be taken to another county jail and there be kept until his term of imprisonment expired. There is no need of "crossing that bridge" until it is reached. If so improbable an event should happen to occur, the prisoner would have no difficulty in securing his immediate release from such unlawful restraint through the summary remedy sought to be invoked here.

We can see no legal reason, from the facts as they are presented here, for ordering the release of the prisoner. The writ is, therefore, discharged and the prisoner remanded.

Chipman, P. J., and Burnett, J., concurred.